No. 22,217.

J. W. HOLLAND and F. H. OBER, Partners, etc., *Appellees*, v. CHARLES E. SCHAFF, as Receiver of THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Unnecessary Noises in Starting an Engine—Frightening Mules.* The facts considered, and *held*, the negligent starting of a railway engine at a street crossing, by unnecessarily and improperly opening the cylinder cocks, was the proximate cause of injury to two mules which, frightened by the engine, ran down the railroad track and fell into the openings of a bridge.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed February 7, 1920. Affirmed.

*W. W. Brown, James W. Reid*, both of Parsons, and *John H. Crider*, of Fort Scott, for the appellant.

*J. I. Sheppard*, and *James G. Sheppard*, both of Fort Scott, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for negligently killing one mule and injuring another. The plaintiffs recovered, and the defendant appeals.

On the evening of the accident a freight train came into Fort Scott from the west. After leaving the main line and

taking a passing track, the engine stopped to take water at the west side of National avenue, a street running north and south. A passenger train coming from the west on the main line was due to arrive in a few minutes. The freight train was too long for the passing track, and in order to clear the main line for the passenger train, it was necessary for the engine of the freight train to go out on the main line beyond the east end of the passing track. Beyond the east end of the passing track was a bridge over a stream. While the engine was standing still at the water crane, an employee of the plaintiffs, who was riding a horse, led the mules, which were tied together, down the street from the north and over the crossing. When the horse and rider were crossing, or had just crossed, the main track, south of the passing track on which the engine stood, the engine was put in motion. The noise incident to starting the train frightened the mules, which ran around the horse toward the east, and broke away from the rider but not from each other. They ran eastward along the railroad, the pair at times being astride the north rail, and at times being astride the south rail, with the engine following them. The electric headlight of the engine was kept burning, the bell was kept ringing, steam continued to be emitted, and the noise produced by operation of the engine continued until the engine stopped within fifteen or twenty feet of the bridge. It was then discovered the mules had gone upon the bridge in advance of the engine, with the result that one was killed and the other injured.

One of the acts of negligence charged was the emission of quantities of steam at the starting of the engine, which frightened the mules. The testimony for the plaintiffs was that the cylinder cocks were opened. The engineer testified that opening the cylinder cocks was unnecessary under the circumstances, that there was no occasion for it, that he would consider it a breach of engineering to open the cylinder cocks of an engine in going over the crossing. With the general verdict for the plaintiffs the jury returned the following special findings of fact:

"1. If you find for the plaintiff, state on what act or acts of the defendant you base your verdict. Answer: Excessive noise in starting train and escaping steam from cylinder cocks.

"2. If you find that any employee of the defendant was negligent, state what employee it was and in what the said negligence consisted. Answer: Engineer and fireman, continuous noise, bell ringing, and escaping steam from cylinder cocks."

The defendant asserts that the engineer was not negligent. It is not necessary to examine the argument made in support of the assertion, because it assumes no more noise than necessary was made in starting the train. The testimony was that volumes of steam flew out of the cylinder cocks, unnecessarily and improperly opened, for a distance of ten feet on each side, with the noise which attends such action. The special finding of negligence was based on this testimony.

The defendant asserts that if the engineer was negligent, his negligence was not the proximate cause of the accident. The familiar cases stating and applying the doctrine of proximate cause are cited, and the plaintiffs might well rest their case on the defendant's citations. The engineer started the engine for the purpose of moving it forward approximately to the bridge. He was not certain but that he would need to go on the bridge, in order that his caboose might clear the main track at the west end of the passing track. He was obliged to execute the movement to avoid collision with the on-coming passenger train. The rules required him to keep his headlight burning while fouling the main line, and to keep his bell ringing while moving through the yards. The ordinary noises incident to operation of the engine and movement of the extra heavy train would necessarily continue until he stopped. He saw the plaintiffs' employee cross the track in front of the engine, leading the mules. It required no keenness of foresight to understand that unnecessary and improper noise in starting the engine might frighten the mules and cause them to run away from the engine, and to understand that if they started down the track they might be chased into the bridge. Such being the circumstances, the proximate relation of the negligence to the accident is obvious. It is plain the case turned on whether or not the cylinder cocks were negligently opened, and on this issue of fact the defendant was defeated.

The judgment of the district court is affirmed.